IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02912-PAB-STV

SARAH COOK,

    Plaintiff,

v.

DON WHYDE,
BRIAN LONG,
CITY AND COUNTY OF DENVER, and
DENVER HEALTH MEDICAL CENTER,

    Defendants.

---

# ORDER

---

    This matter is before the Court on Plaintiff's Objection to Magistrate Judge Varholak's Minute Order Re: Defendants' Joint Motion to Stay Discovery [Docket No. 46].

    On February 3, 2021, Magistrate Judge Varholak held a hearing on defendants' joint motion to stay discovery pending the resolution of defendants' dispositive motions. *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, Audio Recording of Hearing Before Magistrate Judge Scott T. Varholak on February 3, 2021, 2:31:55 p.m. to 2:54:24 p.m. In his oral ruling, the magistrate judge noted that nearly all of the recent cases on this issue have held that discovery should be stayed for all defendants when the defense of qualified immunity has been pled, even if the defense is only available to some defendants, as here. *Id.* at 2:37:02 p.m. to 2:37:46 p.m. The magistrate judge first explained that not staying discovery for all defendants can be prejudicial to the

defendants for whom discovery is stayed because those defendants cannot participate in depositions, for example, where they might learn important information. *Id.* at 2:37:47 p.m. to 2:39:32 p.m. The magistrate judge also explained the that one of the purposes of qualified immunity is to free officials from the burdens of litigation, including disruptive discovery. *Id.* After explaining these rationales, the magistrate judge considered each of the five factors set forth in *String Cheese Incident LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. 2006),[1] and determined that the factors, considered on the whole, warrant a stay of discovery as to all defendants. *Id.* at 2:42:40 p.m. to 2:51:32 p.m.

Plaintiff asks the Court to review the magistrate judge's order *de novo*. Docket No. 46 at 2. "Timely objections to magistrate judge *recommendations* are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge *orders* by Rule 72(a)." *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010). However, when reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("Even though a movant

---

[1] These five factors are: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.*

requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).").

Plaintiff does not argue that the magistrate judge's discovery order was dispositive, and the Court does not find it to be. Thus, the Court will review the order under the clearly erroneous standard, which "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 365, 395 (1948)). When applying the "clearly erroneous" standard, the Court is not entitled to reverse the magistrate judge's findings "simply because it is convinced that it would have decided the case differently," and the Court may not decide factual issues de novo. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123 (1969)).

Plaintiff objects that qualified immunity is "limited to particular claims against particular individuals" and, because defendants Denver Health Medical Center and City and County of Denver are not entitled to qualified immunity, plaintiff contends that it is improper to stay proceedings as to all defendants. Docket No. 46 at 2–4.[2] *Id.* Plaintiff argues that, in determining whether defendants are entitled to a stay, the Court must determine whether defendants are likely to succeed on their motions to dismiss. *Id.* at

---

[2] Plaintiff cites to "*Rome*" yet provides no citation for the case. *See id.* The Court presumes plaintiff is referring to *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. Nov. 22, 2004), which defendants cite as well. *See* Docket No. 47 at 3.

4. Finally, plaintiff argues that defendants have not met their burden under the factors set forth in *String Cheese*, 2006 WL 894955, at *2. *Id.* at 5–7.

Defendants argue that the cases that plaintiff cites are distinguishable, that the Court need not consider the likelihood of defendants' success on their pending motions to dismiss, and that the *String Cheese* factors weigh in favor of a stay. Docket No. 47 at 3–10.

The Court agrees with defendants and finds no clear error in the magistrate judge's order staying discovery. First, the Court finds plaintiffs' reliance on *Rome* and *Kaufman v. Univ. of Colo.*, No. 15-cv-00406-LTB-NYW, 2015 WL 4748987 (D. Colo. Aug. 12, 2015), to be unavailing. While *Rome* states that asserting qualified immunity does automatically bar all discovery, it provides little discussion of the sorts of prejudice concerns that are present here if discovery proceeds as to some but not all defendants. *Rome* also pre-dates *String Cheese* and is therefore less persuasive, given the importance of *String Cheese* to courts in this district. As to *Kaufman*, which relied on *Rome*, the court weighed the *String Cheese* factors and determined that a stay was not warranted.

Moreover, both cases pre-date the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the Court considered a discovery stay when the issue of qualified immunity was raised. In *Iqbal*, the Court stated, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Id.* at 685 (internal citation omitted). The Court continued,

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.

*Id.* The Court finds no clear error in the magistrate judge's reliance on *Iqbal*.

The Court also agrees with defendants that, in determining whether a stay is appropriate, the magistrate judge need not assess the merits of defendants' dispositive motions. While plaintiffs are correct that the court in *Sanaah v. Howell*, No. 08-cv-02117-REB-KLM, 2009 WL 980383 (D. Colo. Apr. 9, 2009), considered the dispositive motions, the court did not set forth a rule that this is required. *See* Docket No. 46 at 4–5. In fact, the court's review of the dispositive motions in *Sanaah* appears to have been brief, as the court stated that it "expresses no opinion about the merits of the Motions to Dismiss, but merely notes that Defendants' qualified immunity defense is not particularly well developed or compelling on its face." 2009 WL 980383, at *1 n.1. Furthermore, courts since *Sanaah* have held that "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case." *Sexton v. City of Colo. Springs*, No. 20-cv-00108-PAB-KMT, 2020 WL 1875146, at *4 (D. Colo. Apr. 15, 2020) (quoting *Sanchez v. City & Cnty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 n.3 (D. Colo. Feb. 26, 2020)); *see also Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017). Finally, as in *Sexton*, defendants' dispositive motions have not been referred to the magistrate judge for a recommendation, and the Court finds no clear error in

5

Magistrate Judge Varholak's declining to conduct a merits analysis of motions not before him.  *See* 2020 WL 1875146, at *4.  The Court thus finds no clear error in the magistrate judge's determination that consideration of the merits of defendants' motions was not warranted at this stage.

Finally, the Court finds no clear error in the magistrate judge's review of the *String Cheese* factors.  The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil*, 847 F.2d at 1464 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395).  The Court is not left with the "definite and firm conviction that a mistake has been committed" on review of the magistrate judge's consideration of each of the five *String Cheese* factors.  *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, Audio Recording of Hearing Before Magistrate Judge Scott T. Varholak on February 3, 2021, 2:42:40 p.m. to 2:51:31 p.m.  The magistrate judge methodically reviewed each factor.  *Id.*  He determined that the first factor, the plaintiff's interest in proceeding expeditiously, weighed against a stay, *id.* at 2:42:40 p.m. to 2:44:47 p.m., while the second and third factors, the burden on the defendants and the convenience to the court, weighed strongly in favor of a stay.  *Id.* at 2:44:47 p.m. to 2:50:31 p.m.  As to the second factor, the magistrate judge determined that, for the reasons set forth in *Iqbal* and the "basic thrust" of the qualified immunity doctrine itself, a stay is warranted.  *Id.* at 2:44:47 p.m. to 2:48:43 p.m.  As the magistrate judge explained, proceeding with discovery as to some but not all defendants would greatly prejudice the defendants for whom discovery has been stayed because those

defendants could not participate in depositions that could uncover important non-public information. *Id.* As to the third factor, the magistrate judge explained that the a partial stay would burden the court with potentially duplicative discovery disputes that could be avoided if the case proceeded against all defendants at once. *Id.* at 2:48:44 p.m. to 2:50:30 p.m. (citing *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010) ("A stay is particularly inconvenient for the Court when it is tied to a pending motion for which ultimate success is not guaranteed. Where a pending motion may dispose of an action, however, a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed.")). The magistrate judge then determined that the fourth and fifth factors, the interests of non-parties and of the public, are largely neutral, but, given the public interest in qualified immunity, as explained in *Iqbal*, the public is better served by a global stay. *Id.* at 2:50:30 p.m. to 2:51:09 p.m. The Court finds no clear error in the magistrate judge's weighing of the *String Cheese* factors, and plaintiff cites none.

Accordingly, it is

**ORDERED** that Plaintiff's Objection to Magistrate Judge Varholak's Minute Order Re: Defendants' Joint Motion to Stay Discovery [Docket No. 46] is **OVERRULED**.

DATED March 15, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge